KLEIN, Judge.
The former husband filed this action for declaratory relief, alleging ambiguity in a judgment of dissolution, in accordance with deMarigny v. deMarigny, 43 So.2d 442 (Fla. 1949) (declaratory relief appropriate where judgment is ambiguous). The trial court dismissed the complaint for failure to state a cause of action, finding no ambiguity. The husband appeals and we reverse.
The portion of the judgment which the husband claims is ambiguous pertains to the proceeds of the sale of the marital home. Although most provisions in the final judgment were determined by the court, the final judgment reflects that the parties had agreed on the disposition of the marital home, and that agreement was incorporated into the final judgment:
Per agreement of the parties, the Wife shall have exclusive possession of the mari *215 tal abode located at 100 B Vision Court in Palm Beach Gardens, Florida, until such time as the youngest child reaches the age of eighteen (18) or graduates from high school, whichever occurs last. At that time, the property shall be sold and the proceeds divided equally between the Husband and the Wife. Should the parties be unable to agree on a procedure for selling the home, either party may apply to the Court for an Order requiring partition of the property. In the meantime, the Husband shall pay one-half (⅛) of the taxes, insurance, assessments and monthly mortgage payments (approximately $437.00 per month) directly to the Wife, so she can keep these payments current. The Husband shall receive a credit at closing for the payments he makes from now through the sale of the home. If the Husband fails to make these payments, and the Wife does, the Wife shall be entitled to a full credit for all the payments she makes.
In a different paragraph of the final judgment the court required the wife to be responsible for debts incurred on her credit cards, and provided that the husband would be responsible for “all of the debts incurred by him and in his name.” It is this provision which has resulted in the dispute, because the husband alone is on the promissory note secured by the mortgage, although husband and wife are both on the mortgage. The wife contends that the entire mortgage debt is the responsibility of the husband, and that she therefore is entitled to one-half of the proceeds from the sale of the home without consideration of the mortgage.
We agree with the husband that the sentence requiring the husband to be responsible for debts in his name does not clearly and unambiguously mean that he must pay the entire mortgage before receiving any share of the proceeds from the sale of the home. That interpretation would appear to be inconsistent with that portion of the judgment pertaining to the home. We therefore reverse and remand for further proceedings.
DELL and STONE, JJ., concur.